IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY T. DAN,<br><br>          Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Dept. of Correctional Services; and MIKE HILGERS, Attorney General for Nebraska;<br><br>          Respondents. | 8:25CV452<br><br>**MEMORANDUM AND ORDER** |

On July 14, 2025, Petitioner Anthony T. Dan ("Petitioner" or "Dan") filed what the Court construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Filing No. 1. Subsequently, on August 22, 2025, Dan filed an amended petition using the Form AO 241 Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Amended Petition"), which the Court considers the operative petition. Filing No. 9. The Court now conducts a preliminary review of Dan's Amended Petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. In conducting this review, the Court has also considered the documents attached to Dan's "Motion of Complaint of Constitutional Law Violations" (the "Motion"). Filing No. 5.

For the reasons discussed below, it appears Dan's petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the Court will order Dan to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations. The Court will also deny Dan's pending Motion.

## I. BACKGROUND

In his Amended Petition, Dan challenges his conviction for assault in the first degree, a Class 2 felony, in case number CR19-4641 in the District Court of Douglas County, Nebraska.[1] Filing No. 9 at 1. Pursuant to a plea agreement, Dan pleaded no contest to assault in the first degree and the State dismissed a second count of first-degree assault and a count of criminal mischief, $5000 or more. Id.; Filing No. 5 at 80. The state district court sentenced Dan to 15 to 20 years' imprisonment on August 12, 2020. Filing No. 9 at 1; Filing No. 5 at 85–86. Dan filed a direct appeal, and the Nebraska Court of Appeals summarily affirmed Dan's conviction and sentence on January 5, 2021, and issued its mandate on February 10, 2021. Filing No. 9 at 2; Filing No. 5 at 11–12.

Though not clearly alleged in the Amended Petition, records submitted by Dan show that he filed a motion for postconviction relief on October 13, 2021, which the state district court denied without an evidentiary hearing on November 22, 2021. Filing No. 5 at 15–18, 19. Dan also filed a "Motion to Amend Post-Conviction Relief" on December 2, 2021, after the state district court denied his original postconviction motion. Id. at 19, 39–42. The state district court denied Dan's motion on December 7, 2021. Id. at 19–21. Dan appears to have filed documents in the Nebraska appellate courts under the docket number associated with his direct appeal (A-20-0652) beginning on or about December 27, 2021, but he does not clearly allege that he appealed the denial of his postconviction motion. See Filing No. 9 at 10; Filing No. 5 at

---

[1] Dan also alleges he was convicted of two misdemeanors—first offense willful reckless driving and failure to appear, see Filing No. 9 at 1—but records filed by Dan show that those convictions stem from a separate Douglas County Court case and Dan was released from custody with respect to those convictions on or about April 14, 2020. See Filing No. 5 at 48–49.

28–29, 36–38. A review of Dan's state court records, available to this Court online, show that he did not perfect an appeal from the state district court's orders denying his motion for postconviction relief and motion to amend.[2]

Dan filed his initial habeas petition on July 14, 2025, and this Court's records reflect that this is Dan's first attempt at federal habeas corpus relief with respect to his conviction. Liberally construed, Dan claims he received ineffective assistance of counsel because counsel failed to raise the choice of two evils doctrine and he is actually innocent.[3]

## II. DISCUSSION

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Anthony T. Dan*, Case No. CR19-4641, District Court of Douglas County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. A copy of the JUSTICE record for Case No. CR19-4641 is attached to this Memorandum and Order.

[3] While Dan appears to frame his "actual innocence" allegation as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2024) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); cf. *Rouse v. United States*, 14 F.4th 795, 801 n.4 (8th Cir. 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

In the present case, it appears from the Amended Petition and the state records Dan submitted that Dan's claim is barred by the statute of limitations because the petition was filed more than one year after his judgment became final. *See* 28 U.S.C. § 2244(d)(1). Dan's conviction became final on February 4, 2021, the date on which his time for pursuing review in the Nebraska Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals or order finally disposing of the appeal). Accordingly, the one-year limitations period began to run from February 4, 2021.

The limitations period was tolled beginning on October 13, 2021, when Dan initiated his state postconviction proceedings. Dan filed his state postconviction motion 251 days after his conviction became final, and those 251 days count toward the one-

4

year limitations period. See *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'"). Dan's postconviction proceedings concluded on December 7, 2021, when the state district court denied Dan's motion to amend his postconviction motion, and Dan did not file an appeal. However, Dan's postconviction action remained pending during the time for filing an appeal, even though Dan did not file one. See *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (citing *Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002)).[4] Wofford had until January 6, 2022, at the latest, to file his appeal,[5] so the one-year limitations period was tolled until that date.

Following the conclusion of his first state postconviction proceeding, Dan had 114 days remaining on the statute of limitations clock to file his federal habeas petition, that is, until May 2, 2022.[6] Dan did not file his habeas petition until over three years later on July 14, 2025. Thus, absent sufficient tolling or an equitable exception, any claims related to Dan's conviction and sentence are barred by the statute of limitations.

---

[4] While the Court applies *Streu* in this case, the Court notes that other judges of this Court have recognized a possible conflict between *Streu* and the United States Supreme Court decision in *Evans v. Chavis*, 546 U.S. 189 (2006), which held a state postconviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "*provided that* the filing of the notice of appeal is timely under state law," 546 U.S. at 191 (emphasis in original). See *Gardner v. Nebraska*, No. 8:16CV562, 2017 WL 2728411, at *1 n.1 (D. Neb. June 23, 2017) (discussing conflict); *see also Allen v. Frakes*, No. 4:14CV3049, 2015 WL 1470343, at *2 (D. Neb. Mar. 31, 2015) (applying *Evans* and concluding limitations period was not tolled during entire time period between state district court's denial of postconviction motion and petitioner's filing of untimely notice of appeal).

[5] For purposes of this review, the Court assumes Dan had thirty days after the state district court entered its judgment denying his motion to amend his postconviction motion to file a notice of appeal. See Neb. Rev. Stat. § 25-1912(1) (notice of appeal must be filed within 30 days after district court enters its judgment).

[6] 114 days after January 6, 2022, fell on Saturday, April 30, 2022, so Dan would have had until the following Monday, May 2, 2022, to file his federal habeas petition.

5

Accordingly, the Court will require Dan to show cause why his Amended Petition should not be dismissed.

### III. PENDING MOTION

On July 28, 2025, Dan filed his Motion titled "Motion of Complaint of Constitutional Law Violations of The choice of two Evils Doctrine, And Double Jeopardy Case Violations." Filing No. 5. In the Motion, Dan generally asserts claims of constitutional violations against the various parties involved in his state criminal prosecution for first-degree assault and the related misdemeanor convictions, including his counsel, the state district court judge, the prosecutors, court staff, and police officers. Dan also asserts claims against the Clerk of the Nebraska Supreme Court and Court of Appeals for failing to file several of his pleadings and notify him of the disposition of his direct appeal and against the Nebraska Attorney General for failing to investigate his criminal cases. Based on these alleged violations, Dan asks the Court "to give [him] the fundamental fairness in all these case numbers and law violations." *Id*. at 7.

Dan's Motion appears to be a general request for relief from his criminal conviction based on the constitutional violations he alleges. However, as the Court has determined that Dan's habeas petition appears to be barred by the statute of limitations and will require him to show cause why this case should not be dismissed, the Court will deny Dan's Motion as premature. Moreover, to the extent Dan seeks to assert constitutional claims against individual government officials, he must assert such claims in an action brought pursuant to 42 U.S.C. § 1983 and cannot pursue such claims in this habeas action.

IT IS THEREFORE ORDERED that:

1. Dan is ordered to show cause within 30 days why this case should not be dismissed because it is barred by the statute of limitations. Failure to respond to this order will result in dismissal of this action without further notice to Dan for the reasons explained above.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **December 1, 2025**: check for response to show cause order.

3. Dan's Motion, Filing No. 5, is denied as premature, but the Court has considered the documents attached to the Motion in reviewing Dan's Amended Petition.

Dated this 30th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge