IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY T. DAN,

Petitioner,

vs.

ROB JEFFREYS, Director of Nebraska Dept. of Correctional Services; and MIKE HILGERS, Attorney General for Nebraska;

Respondents.

8:25CV452

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Anthony T. Dan's ("Dan" or "Petitioner") "Motion of Reply Brief to Void and Vacate Sentence and Conviction of Actual Innocence," Filing No. 11, which the Court construes as his response (the "Response") to the Court's October 30, 2025, Memorandum and Order, Filing No. 10, requiring Dan to show cause why this case should not be dismissed because it is barred by the statute of limitations (the "Show Cause Order").  Also before the Court is Dan's "Motion to a Prompt Hearing of Delaying of Justice in Violation of 14th Amendment Due Process," Filing No. 12, in which Dan appears to ask for a prompt hearing in this case.  For the reasons that follow, the Court determines Dan has failed to show cause, this matter should be dismissed with prejudice because the petition is barred as untimely, and his pending motions should be denied as moot.

## I.  BACKGROUND

Dan pleaded no contest to assault in the first degree, a Class 2 felony, in case number CR19-4641 in the District Court of Douglas County, Nebraska, pursuant to a plea agreement in which the State dismissed a second count of first-degree assault and a

count of criminal mischief, $5000 or more.  Filing No. 9 at 1; Filing No. 5 at 80.  The state district court sentenced Dan to 15 to 20 years' imprisonment on August 12, 2020.  Filing No. 9 at 1; Filing No. 5 at 85–86.  Dan filed a direct appeal, and the Nebraska Court of Appeals summarily affirmed Dan's conviction and sentence on January 5, 2021, and issued its mandate on February 10, 2021.  Filing No. 9 at 2; Filing No. 5 at 11–12.

Dan filed an unsuccessful motion for postconviction relief on October 13, 2021, and later sought to amend his postconviction motion after the state district court had denied him relief.  Filing No. 5 at 15–18, 19, 39–42.  The state district court denied Dan's motion to amend on December 7, 2021, *Id*. at 19–21, and Dan did not file an appeal, *see* Filing No. 10-1 at 4.  Rather, Dan filed documents in the Nebraska appellate courts under the docket number associated with his direct appeal (A-20-0652) beginning on or about December 27, 2021, in an apparent attempt to appeal the denial of his postconviction motion.  Filing No. 5 at 28–29, 37–38.  In a letter dated January 28, 2022, the Clerk of the Nebraska Supreme Court and Nebraska Court of Appeals informed Dan that their office received his "correspondence" but declined to file it as Dan must file all pleadings through his attorney representing him in A-20-0652.  Filing No. 5 at 36.

Dan filed his initial habeas petition, Filing No. 1, on July 14, 2025, followed by the operative amended petition, Filing No. 9, on August 22, 2025.  On October 30, 2025, the Court ordered Dan to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations.  Filing No. 10.  Dan's Response was timely filed on November 14, 2025.  Filing No. 11.

## II.  DISCUSSION

As the Court previously found in the Show Cause Order, absent sufficient tolling or an equitable exception, any claims related to Dan's conviction and sentence are barred by the statute of limitations because the petition was filed more than one year after his judgment became final on February 4, 2021.  Filing No. 10 at 4–6.  Dan's Response largely consists of legal conclusions, and, upon careful review, the Court concludes Dan has failed to demonstrate any basis to avoid the statute of limitations procedural bar.

First, Dan generally asserts in his Response that his conviction is void due to "court abuse," "harassment" from prosecutors, and his counsel's ineffective assistance for not raising "the choice of two evils doctrine" in his defense.  Filing No. 11 at 4–8.  Dan's assertions relate only to the underlying merits of his claims for habeas relief, and they do not present any basis for excusing the procedural bar of the statute of limitations.  Thus, to the extent Dan argues the merits of his habeas claims should excuse the untimeliness of his petition, his argument fails.

Liberally construed, Dan argues he is actually innocent because he would have "been acquitted and also not liable for any wrongdoing" if his counsel had raised the "choice of two evils" defense.  *Id*. at 8.  In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court established a gateway for untimely habeas claims in the event of a tenable actual-innocence claim.  The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare:  A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotations and

alterations omitted).   The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.  Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation omitted).  The actual innocence standard is a "demanding" one, and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

The choice of evils defense, to which Dan refers, is codified at Neb. Rev. Stat. § 28-1407, which provides, in relevant part: "Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if: . . . The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged . . . ." Neb. Rev. Stat. § 28-1407(1)(a).  "[T]he statute reflects the Nebraska Legislature's policy that certain circumstances legally excuse conduct that would otherwise be criminal." *State v. Mowell*, 672 N.W.2d 389, 399 (Neb. 2003) (citing *State v. Cozzens*, 490 N.W.2d 184 (Neb. 1992)).

Assuming, without deciding, that Nebraska's choice of evils affirmative defense would satisfy the actual innocence requirement, Dan does not offer any explanation why the choice of evils defense should excuse the criminal conduct for which he was convicted, much less offer new reliable evidence demonstrating that he would be entitled to that defense.  Rather, the only evidence in the record regarding the conduct underlying Dan's conviction is contained in an Omaha police officer's sworn affidavit in support of

Dan's arrest warrant, which Dan filed as an attachment to a previous motion.  As set forth in the affidavit:

On Saturday, July 27, 2019 at 0836 hours, Omaha Police Officers LYDON, A. #1978 and PETERSON, W. #2039 were sent to N. 30th and Ellison Avenue, Omaha, Douglas County, Nebraska, for a personal injury accident.  Upon arrival, Omaha Fire Medics were on scene rendering aid to two female parties.  These parties were identified as Jaleesa S. HARRIS . . . and Stephanie BROWN . . . . Affiant Officer JANING assisted with follow up due to one individual identified as DAN, Anthony . . . alleging he was robbed.  Affiant Officer first interviewed Victim #1, Stephanie BROWN at 1915 hours on August 5, 2019.  Affiant then interviewed Victim #2, Jaleesa S. HARRIS at 2225 hours on August 5, 2019.  Officers observed a white Yukon . . . and white Hyundai . . . which had collided into a brick building at Metropolitan Community College Campus at 5300 N. 30th Street, Omaha, Douglas County, Nebraska.

On Monday August 5, 2019 Affiant Officer interviewed two female victims Stephanie BROWN and Jaleesa S[.] HARRIS, who had been at 5384 N 27th Ave. during an altercation.  BROWN and HARRIS both stated while sitting in the front seat of HARRIS' 2012 Hyundai Santa Fe, they watched DAN physically fighting with another party in the front yard of 5384 N 27th Ave., until a third male broke up the fight.  Jaleesa S. HARRIS . . . stated she backed from the parking spot and pulled up so that WALKER,

the party which DAN was fighting, could get into the back seat.  WALKER walked over to the vehicle and got in to [sic] the back seat.

As HARRIS began to pull off, both females stated they heard the rev of an engine and felt a vehicle ram the back of HARRIS' vehicle.  When they looked back they saw the white Suburban (GMC Yukon K1500) driven by DAN, behind them.  Both stated that everything was happening so fast they could not get their seatbelts on.  DAN continued chasing them at a high rate of speed west on Ellison Ave, and HARRIS stated she was afraid to stop.

Both stated that DAN rammed the back of HARRIS' vehicle 6-7 times and as they were approaching N 30th St. HARRIS stated she tried to slow but DAN rammed her vehicle again causing her to lose control.  Her vehicle spun out of control and slammed into the Metropolitan Community College Building, at 5300 N 30th St. Stephanie BROWN suffered a broken back requiring surgery and Jaleesa HARRIS suffered from a fractured knee. HARRIS' vehicle was severely damaged in the accident.  The vehicle driven by HARRIS ran into the side of the building and the vehicle driven by DAN was inside the building approximately 4-5 feet off the ground.

Filing No. 5 at 53–54.

Nothing in the officer's affidavit suggests that Dan would be entitled to a choice of evils defense or that he is actually innocent of the crime to which he pleaded no contest. Accordingly, the Court finds the actual innocence exception does not apply to excuse the statute of limitations procedural bar.

6

Finally, Dan asserts in his Response that, on October 26, 2022, the Clerk of the Nebraska Supreme Court and Nebraska Court of Appeals failed to notify him "of the disposition in case no. A-20-0652. . . . until April 4, 2024, when [Dan] contacted the Nebraska Supreme Court and Nebraska Court of Appeals requesting an update." Filing No. 11 at 1. Assuming Dan raises this argument in support of equitably tolling the statue of limitations, he has failed to demonstrate that equitable tolling applies.

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id*. (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Dan does not explain what "disposition" the appellate court clerk failed to inform him of nor does he explain how that disposition in his closed direct appeal was relevant to the filing of his federal habeas petition. Even if the Court assumes the information withheld from Dan by the appellate court clerk was somehow relevant to the filing of his federal habeas petition, Dan offers no explanation as to why he waited over a year after receiving the update about A-20-652 on April 4, 2024, to file his petition. Under these circumstances, the Court cannot conclude Dan was pursuing his federal habeas

7

rights diligently, and equitable tolling does not apply to excuse the untimeliness of his petition.  The petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2253(c)(2); Fed. R. App. P. 22(b)(1).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court has applied the appropriate standard and determined that Dan is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Dan's Petition for Writ of Habeas Corpus, Filing No. 1, is denied and dismissed with prejudice because it is barred by the statute of limitations period set forth in 28 U.S.C. § 2244(d).

2.    The Court will not issue a certificate of appealability in this matter.

3.    The Court will enter a separate judgment.

4.    The pending motion associated with Dan's Response, Filing No. 11, and the motion for a prompt hearing, Filing No. 12, are denied as moot.

Dated this 23rd day of June, 2026.

BY THE COURT:

*F Bataill*

Joseph F. Bataillon
Senior United States District Judge

8